IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-44-BR-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | MOTION FOR DOWNWARD DEPARTURE |
| v. | ) | PURSUANT TO USSG §4A1.3(b)(1), p.s. |
| | ) | |
| RANDY DONTRELLE MOYE | ) | |

NOW COMES the Defendant, RANDY DONTRELLE MOYE, by and through Counsel, and respectfully requests that this Honorable Court grant a downward departure pursuant to USSG. §4A1.3(b)(1), p.s. In support of the motion the Defendant shows the following:

1. On July 6, 2010, the Defendant pled guilty to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846. Sentencing is scheduled for December 6, 2010.

2. "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . . a downward departure may be warranted." USSG §4A1.3(b)(1), p.s.

3. "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." USSG §4A1.3, p.s., comment. (n.3).

4. The Defendant was assessed two criminal history points, thus is criminal history category II, based upon two misdemeanor convictions in Pitt County, North Carolina. See, P.S.R., at p. 5, ¶¶15-16. Both convictions occurred prior to the Defendant's 18th birthday. They were imposed in January, 2001 and March, 2001, respectively. The P.S.R. notes that the

Defendant elected to serve each sentence on June 25, 2001. Each of the convictions ultimately resulted in sentences of less than 60 days. These sentences narrowly fall within the five year time requirement set forth in USSG §4A1.2(d)(2)(B) in order to be assessed criminal history points because the date the Conspiracy for the instant offense begins is 2005.

5. The Defendant acknowledges that the P.S.R. reflects subsequent arrests and convictions, however, a number of them were for traffic offenses and none of them resulted in the imposition of any criminal history points. See, P.S.R., at p. 5, ¶¶17, 19, 20, 21, and 22.

6. The Defendant's criminal history category substantially over-represents the seriousness of his criminal history. As such, this Court should grant a downward departure.

WHEREFORE, the Defendant respectfully requests this Honorable Court to grant a downward departure pursuant to USSG §4A1.3(b)(1), p.s., and for such other and further relief as this Court deems just and proper.

This 2nd day of December 2010.

    /s/ Daniel J. Dolan
Daniel J. Dolan
Attorney for the Defendant, Randy Dontrelle Moye
Daniel J. Dolan, Attorney at Law
5 West Hargett Street, Suite 902
Raleigh, North Carolina 27601
Telephone (919) 834-7544
Email: djdesq@bellsouth.net
N.C. Bar #30553
Appointed Counsel

**CERTIFICATE OF SERVICE**

The undersigned certifies that he has caused the electronic filing of this MOTION FOR DOWNWARD DEPARTURE PURSUANT TO USSG §4A1.3(b)(1), p.s. with the Clerk of the Court using the CM/ECF system, and therefore believing the same to be forwarded by electronic transmission to WILLIAM GLENN PERRY, he has thereby served a copy of the same to the following:

William Glenn Perry
United States Attorney's Office
215 South Evans Street, Suite 206
Greenville, North Carolina  27858

This 2nd day of December 2010.

        /s/ Daniel J. Dolan
Daniel J. Dolan
Attorney for Defendant, Randy Dontrelle Moye
Daniel J. Dolan, Attorney at Law
5 West Hargett Street, Suite 902
Raleigh, North Carolina 27601
Telephone (919) 834-7544
Email: djdesq@bellsouth.net
N.C. Bar #30553
Appointed Counsel